IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-319-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTHONY TEDDY WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 83, 87) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On August 17, 2020, defendant pleaded guilty to distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). On May 12, 2021, the court sentenced defendant to 120 months' imprisonment and three years' supervised release. Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence. In addition, defendant asserts that early release would allow him to provide care for his mother, who is suffering from unspecified health issues.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First

Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020). Although nonbinding for defendant-filed motions for compassionate release,[1] U.S.S.G. § 1B1.13 provides the following "helpful guidance" for determining whether a defendant has established extraordinary and compelling reasons for compassionate release:

(A) <u>Medical Condition of the Defendant</u>.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, cmt. n.1; <u>McCoy</u>, 981 F.3d at 282 n.7 (explaining U.S.S.G. § 1B1.13 remains "helpful guidance" even for defendant-filed motions).

In addition, the court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. <u>See</u> <u>Kibble</u>, 992 F.3d at 330–32; <u>McCoy</u>, 981 F.3d at 275; <u>see also</u> <u>United States v. Chambliss</u>, 948 F.3d 691, 693–94 (5th Cir. 2020). Section 3553(a) requires that the court consider the following factors when imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--

3

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

As a threshold matter, the government argues defendant did not exhaust administrative remedies with respect to his claim that early release would allow him to provide care and support for his mother. As noted above, an inmate satisfies the threshold administrative requirement where he requests that Federal Bureau of Prison ("FBOP") officials file a motion for compassionate release on his behalf, and then either waits 30 days from the receipt of the request by the warden or exhausts all administrative remedies challenging the FBOP's refusal. See 18 U.S.C. § 3582(c)(1)(A); United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021). After the parties competed briefing on the instant motion, the United States Court of Appeals for the Fourth Circuit concluded that § 3582(c)(1)(A) "does not require issue exhaustion." United States v. Ferguson, 55 F.4th 262, 269 (4th Cir. 2022). Accordingly, defendant's failure to include his family circumstances claim in his administrative request for compassionate release does not preclude consideration of that issue in the district court.

Turning to the merits, defendant has not established extraordinary and compelling reasons for compassionate release. With respect to his claim regarding the risk of COVID-19, defendant

4

has refused the COVID-19 vaccine, (see DE 93), which would provide a high degree of protection against developing severe illness. United States v. Salas, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023) ("The district court reasonably concluded that Salas's moderate (and very common) risk factors combined with his vaccinations did not present an extraordinary and compelling reason for his release."); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. [For most such prisoners], the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Moreover, defendant cannot claim that he should be released from imprisonment based on his risk of severe health complications from COVID-19 while refusing the very measure that would provide protection against severe disease. See Broadfield, 5 F.4th at 803 ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective."). Finally, defendant has not established that the vaccine would not provide protection against severe disease in his individual circumstances.

Defendant's pro se motion requests compassionate release based on his desire to provide care and support to his mother, who is suffering from unspecified health issues. While the court expresses its condolences to defendant and his family regarding his mother's illness, defendant has failed to provide evidentiary support for the contention that his mother's medical conditions require in-person care or that he is the only available caregiver. See U.S.S.G. § 1B1.13 cmt. n.1(C). Indeed, defendant's counsel was unable to find any evidence supporting these allegations.

5

Case 5:19-cr-00319-FL   Document 97   Filed 07/13/23   Page 5 of 6

(DE 87 at 18). In the absence of evidentiary support for this claim, defendant has not established extraordinary and compelling reasons for compassionate release based on this family circumstances.

In the alternative, the § 3553(a) factors weigh against release from imprisonment. The court sentenced defendant to 120 months' imprisonment during the pandemic, and the court incorporates by references its analysis of the § 3553(a) factors at defendant's resent sentencing hearing. See United States v. High, 997 F.3d 181, 189–91 (4th Cir. 2021); (Sent'g Tr. (DE 86)). In short, the offense conduct at issue and criminal history fully justify a sentence of 120 months' imprisonment, even when reconsidered in the context of the COVID-19 pandemic and defendant's post-sentencing conduct.

Having fully considered defendant's risk of infection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 83, 87) is DENIED.

SO ORDERED, this the 13th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

6